HEITING & IRWIN
A Professional Law Corporation
James Otto Heiting, Bar #: 068996
6216 Brockton Avenue, Suite 111
Riverside, CA 92506
(951) 682-6400
Fax: (951) 682-4072

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN ESTRADA,<br><br>　　　　Plaintiff,<br>v.<br><br>FLO'S #2 FAMILY RESTAURANT, SCOTT T. BENHAM and Does 1-10, Inclusive,<br><br>　　　　Defendants | CASE NO.:   5:21-cv-00666-JGB-SP<br><br>**FIRST AMENDED ANSWER OF DEFENDANT FLO'S NO. 2 FAMILY RESTAURANT AND SCOTT T. BENHAM TO THE CIVIL COMPLAINT OF BRYAN ESTRADA WITH AFFIRMATIVE DEFENSES** |

**ANSWER**

Defendant FLO'S # 2 FAMILY RESTAURANT and SCOTT T. BENHAM, ("Defendants") through their undersigned Counsel hereby answers Plaintiff's Complaint and alleges as follows:

**NATURE OF THE ACTION**

1. Admitted that Plaintiff purports to assert such claims. Denied that those claims have any merit.

**PARTIES**

2. Defendants are without information or knowledge sufficient to form a belief as to

Case 5:21-cv-00666-JGB-SP   Document 15   Filed 06/29/21   Page 2 of 5   Page ID #:59

Estrada v. Flo's #2 Family Restaurant, et. al.
USDC Case No. 5:21-cv-00666-JGB-SP

1. the truth of the allegations of paragraph 2 and on that basis denies them.

3. Denied.

4. Denied.

5. Denied.

6. Admitted

7. Defendants admit the first sentence of the seventh paragraph of the Complaint. Defendants are without information or knowledge sufficient to form a belief as to the truth of the balance of the paragraph.

## JURISDICTION AND VENUE

8. Jurisdiction is admitted.

9. Admitted that venue is proper in this court with respect to Plaintiff's ADA claims against restaurants that are located in the district.

## STATEMENT OF FACTS

10. Admit that Defendants offer parking, entry, counters, service areas and food (restaurant). Deny the balance.

11. This paragraph is vague and non-specific without declaration of any claimed defect and is therefore Denied.

12. Denied, including sub-parts A-H.

13. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 13 and on that basis, and others, deny them.

14. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 14 and on that basis, and others, deny them.

15. Denied.

16. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 16 and on that basis, and others, deny them.

17. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 17 as to the plaintiff's intentions, and on that basis, and

Case 5:21-cv-00666-JGB-SP Document 15 Filed 06/29/21 Page 3 of 5 Page ID #:60

Estrada v. Flo's #2 Family Restaurant, et. al.
USDC Case No. 5:21-cv-00666-JGB-SP

others, deny them.

18. The first sentence of paragraph 18 is denied. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 18 and on that basis, and others, deny them.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 23 or plaintiffs desires or intentions and on that basis, and others, deny the allegation.

24. The allegations are vague and ambiguous allegations, without specifics at all and are Denied.

25. Defendants are without information or knowledge sufficient to form a belief as to the truth of plaintiff's intentions of paragraph 25 and on that basis, and others, denies the allegations. Plaintiff has no automatic or granted ability to amend the Complaint without permission/order/rule compliance.

**FIRST CAUSE OF ACTION**
Discrimination Based on Disability
[42 U.S.C. §§ 12101, *et seq.*]
By Plaintiff against all Defendants

26. Plaintiff relies on their prior responses to the incorporated allegations.

27. The contents of 42 U.S.C. 12182(a) speak for themselves and require no response.

28. In Answer to Paragraph 28 and its sub-parts A-D, the contents of the statutes and regulations cited speak for themselves and require no response.

29. The contents of standards referenced in paragraph 29 and its sub-parts A-H speak for themselves and require no response.

30. Denied.

31. Defendants admit that they are obligated to comply with certain ADA mandates,

Case 5:21-cv-00666-JGB-SP   Document 15   Filed 06/29/21   Page 4 of 5   Page ID #:61

<u>Estrada v. Flo's #2 Family Restaurant, et. al.</u>
USDC Case No. 5:21-cv-00666-JGB-SP

but deny the balance.

32. Defendants admit that they are obligated to comply with certain ADA mandates, but deny the balance.

33. Defendants admit that they are obligated to comply with certain ADA mandates, but deny the balance.

34. Denied.

## AFFIRMATIVE DEFENSES

Defendant FLO'S NO 2 FAMILY RESTAURANT and SCOTT T. BENHAM ("Answering Defendants") allege the following affirmative defenses;

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's claim is barred as the purported cause of action fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claim is barred as he, by way of his conduct, has waived any purported claim against the Defendants.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff is estopped from obtaining the relief sought by the pleadings on file herein by reason of his conduct and/or omissions and these answering Defendants' reliance thereon.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claim is barred, in whole or in part, as he has failed to mitigate his damages.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claim is barred from any relief whatsoever, under the pleadings on file herein, in that Plaintiff comes to this court with unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claim is barred for failure to join necessary or indispensable parties.

///

Case 5:21-cv-00666-JGB-SP   Document 15   Filed 06/29/21   Page 5 of 5   Page ID #:62

Estrada v. Flo's #2 Family Restaurant, et. al.
USDC Case No. 5:21-cv-00666-JGB-SP

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's are barred because the claimed violations are "de minimus," and non-actionable because they do not materially impair Plaintiff's use of the area for an intended purpose.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's claims are barred because the "barrier removal" Plaintiff seeks pursuant to the ADA in restaurants built before January 26, 1993 are not "readily achievable," or easily accomplishable and able to be carried out without much difficulty or expense within the meaning of 42 U.S.C. § 12181(9).

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's claim is barred because the modifications Plaintiff seeks are not "alterations" within the meaning of the ADA or Title 24 and/or they do not trigger an "alteration" legal standard, including because the modifications will be disproportionate in cost or cost in excess of 20% of the entire "alteration."

### PRAYER

WHEREFORE, this Answering Party prays for judgment as follows:

1. That Plaintiff take nothing by way of the complaint;
2. For costs of suit incurred herein;
3. For reasonable attorney's fees; and
4. For such other and further relief as this court may deem just and proper.

Date: June 28, 2021

HEITING & IRWIN
A Professional Law Corporation

By: _____
JAMES OTTO HEITING
Attorney for Defendant